Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4154 | **DATE** | 6/28/2011 |
| **CASE TITLE** | Timothy L. Hoeller vs. Codilis & Associates, P.C., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is dismissed and Plaintiff's motion for leave to proceed in forma pauperis [4] is denied as moot. If Plaintiff can show that this court has subject matter jurisdiction in this case, he may file a motion to reinstate detailing the basis for this court's subject matter jurisdiction, by July 18, 2011. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Timothy L. Hoeller's (Hoeller) motion for leave to proceed *in forma pauperis*. A "federal judge's first duty in every case" is to "inquir[e] whether the court has jurisdiction. . . ." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). Hoeller has filed a *pro se* complaint and therefore, the court will liberally construe the filing since Hoeller is proceeding *pro se*. *See, e.g., Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001). In his *pro se* complaint, Hoeller is bringing an action against two law firms (Defendant Law Firms). Hoeller contends that certain attorneys at Defendant Law Firms were involved in some type of fraud with a bank and failed to complete specific performance on a foreclosure. Hoeller also makes references to "negligence in accounting practices" by Defendants and states that certain attorneys at Defendant Law Firms made certain errors and "failed to reasonably anticipate" certain matters. (Mot. 1). In addition, Hoeller contends that certain attorneys at Defendant Law Firms must comply with "Real Estate Sales Rule 8.01." (Mot. 1). Hoeller brought the instant action in federal court and bears the burden of establishing that this court has subject matter jurisdiction. *See, e.g., Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). Hoeller has not alleged facts that would suggest that there are any federal claims against Defendant

| STATEMENT |
|---|
| Law Firms. To the extent that Hoeller is seeking to bring state law claims for fraud, breach of contract, or malpractice, Hoeller has not shown that this court has diversity subject matter jurisdiction over such state law claims. Therefore, the instant action is dismissed and the instant motion is denied as moot. If Hoeller can show that this court has subject matter jurisdiction in this case, he may file a motion to reinstate detailing the basis for this court's subject matter jurisdiction, by July 18, 2011. |